**SO ORDERED.**

**SIGNED this 17 day of May, 2010.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**Not designated for on-line use; not designated for print publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

In re:

KATHY DAWN RIFKIN,

                DEBTOR.

CASE NO. 08-22557
CHAPTER 13

### MEMORANDUM OPINION AND ORDER
### DENYING DEBTOR'S MOTION FOR SUMMARY JUDGMENT ON HER
### OBJECTION TO CLAIM OF UNIFUND CCR PARTNERS

The matter under advisement is Debtor's Motion for Summary Judgment on her Objection to Claim No. 9 of Unifund CCR Partners, assignee of CitiBank. Debtor appears by Cynthia F. Grimes, of Grimes & Rebein, L.C. Unifund CCR Partners appears by James M. McNeile and Susan P. DeCoursey, of Cohen, McNeile & Pappas, P.C. There are no other appearances. This Court has jurisdiction to determine the objection to claim.[1]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings

The claim of Unifund CCR Partners is for $45,655.36. It is based upon a default judgment against Debtor Kathy D. Rifkin in favor of Unifund CCR Partners, filed in the District Court of Johnson County, Kansas on August 11, 2006, for money loaned by CitiBank to Debtor. No motion to set aside or alter or amend the judgment has been filed. The judgment was not appealed. In her objection to the claim, Debtor asserts that she is not liable for the debt since it was fraudulently incurred by her ex-husband who forged her signature on the loan documents and that she was never personally served with the petition in the Johnson County case and had no knowledge of the suit.

When moving for summary judgment, Debtor asserts that there are no material facts in controversy relating to the circumstances of the loan from CitiBank and the service of the petition in the Johnson County case. In her arguments, she attacks the validity of the judgment, arguing that it is void for lack of personal jurisdiction because of ineffective service of process under Kansas law. Unifund CCR Partners responds that the *Rooker-Feldman* doctrine precludes this Court from taking any action to set aside the Johnson County District Court judgment.

The Court agrees that it has no jurisdiction to rule on Debtor's assertion that the Johnson County District Court judgment is void. One commentator describes the *Rooker-Feldman* doctrine as follows:

> An exercise of bankruptcy jurisdiction by the bankruptcy court may . . . be precluded by the *Rooker-Feldman* doctrine. That nonbankruptcy doctrine was established by two decisions of the Supreme Court to the effect that a federal district court lacks the jurisdiction to hear a collateral attack on a state-court judgment or to review a determination of a state court. The Rooker-Feldman

---

arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. An objection to claim is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(B). There is no objection to venue or jurisdiction over the parties.

> doctrine has been applied by bankruptcy courts, which have declined to review state-court decisions, even in cases in which the state-court decision in question was pending on appeal in the state court.[2]

The doctrine prevents federal courts, including bankruptcy courts, from reviewing the precise claim that was adjudicated in a state court and also claims that are "inextricably linked" with the state court judgment.[3] Stated differently, the doctrine is confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[4] Courts interpreting the doctrine generally hold that it applies even if it is alleged that the state court judgment was unconstitutional, erroneously decided, or manifestly unjust.[5] The doctrine has been applied to prevent a bankruptcy court from exercising subject matter jurisdiction over an adversary proceeding brought by a Chapter 13 debtor to set aside state court foreclosures and sheriff sales as allegedly having been conduced in violation of debtor's due process rights.[6]

    This case presents a classic example of when the *Rooker-Feldman* doctrine deprives this Court of jurisdiction. Debtor's objection to the claim of Unifund CCR Partners is based on the contention that the judgment against her is void for lack of proper service of the petition. She can prevail only if this Court were to conclude that the Johnson County District Court judgment was

---

[2] 1 Norton Bankr. L. & Prac 3d § 4:30.

[3] A.M. Dickerson, *Colliding Judgments: Applying the Rooker-Feldman Doctrine in Bankruptcy*, 14 J. Bankr. L. & Prac. 4, Art 2 (2005).

[4] *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

[5] A.M. Dickerson, *Colliding Judgments*, 14 J. Bankr. L. & Prac. 4, Art 2 (2005).

[6] *Knapper v. Bankers Trust Co. (In re Knapper)*, 407 F.3d 573 (3rd Cir. 2005).

improperly obtained. A finding in Debtor's favor could result only if this Court were to reject the Johnson County District Court judgment as a legitimate basis for Unifund CCR Partners' proof of claim. The *Rooker-Feldman* doctrine therefore applies. This Court has no jurisdiction to set aside the state court judgment. Debtor must proceed in the Kansas courts if she is to avoid the effect of the Johnson County District Court judgment.

For the foregoing reasons, Debtors' Motion for Summary Judgment is denied.

**IT IS SO ORDERED.**

###

4

Case 08-22557    Doc# 79    Filed 05/17/10    Page 4 of 4