**SO ORDERED.**

**SIGNED this 18 day of June, 2010.**



_Dale L. Somers_
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Not designated for on-line use; not designated for print publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

KATHY DAWN RIFKIN,

                DEBTOR.

CASE NO. 08-22557
CHAPTER 13

### MEMORANDUM OPINION AND ORDER
### DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF
### DENIAL OF HER MOTION FOR SUMMARY JUDGMENT

Debtor Kathy Rifkin has moved the Court for reconsideration of its order, filed on May 17, 2010, denying Debtor's motion for summary judgment on her objection to the claim of Unifund CCR Partners. The basis for Debtor's objection to the claim is stated in the Court's order as follows:

> The claim of Unifund CCR Partners is for $45,655.36. It is based upon a default judgment against Debtor Kathy D. Rifkin in favor of Unifund CCR Partners, filed in the District Court of Johnson County, Kansas on August 11, 2006, for money loaned by CitiBank to Debtor. . . . In her objection to the claim, Debtor asserts that she is not liable for the debt since it was fraudulently

incurred by her ex-husband who forged her signature on the loan
documents and that she was never personally served with the
petition in the Johnson County case and had no knowledge of the
suit.

The Court denied the motion for summary judgment finding :

> This case presents a classic example of when the *Rooker-Feldman*
> doctrine deprives this Court of jurisdiction. Debtor's objection to
> the claim of Unifund CCR Partners is based on the contention that
> the judgment against her is void for lack of proper service of the
> petition. She can prevail only if this Court were to conclude that
> the Johnson County District Court judgment was improperly
> obtained. A finding in Debtor's favor could result only if this
> Court were to reject the Johnson County District Court judgment
> as a legitimate basis for Unifund CCR Partners' proof of claim.
> The *Rooker-Feldman* doctrine therefore applies. This Court has no
> jurisdiction to set aside the state court judgment. Debtor must
> proceed in the Kansas courts if she is to avoid the effect of the
> Johnson County District Court judgment.

When moving for reconsideration, Debtor argues that this Court "overlooked relevant authorities . . . that a default judgment rendered by a court lacking personal jurisdiction is void and may be challenged at any time in any court." However, of the three cases cited by Debtor, two of them, *Bigford*[1] from the Tenth Circuit and *Medina*[2] from the Kansas Court of Appeals, did not consider or apply the *Rooker Feldman* doctrine. In *Bigford*, the court considered whether the federal Deadbeat Parents Punishment Act, 18 U.S.C. § 228, permits inquiry into the jurisdictional validity of the underlying support obligation.[3] The action was not brought by the party who lost in state court seeking to set aside the state court judgment. The issue in *Medina* was whether the plaintiff was entitled to underinsured insurance coverage of the difference

---

[1] *United States v. Bigford*, 365 F.3d 859 (10th Cir. 2004).

[2] *Medina v. Amer. Family Mut. Ins. Co.*, 29 Kan. App2d 805, 32 P.2d 205 (2001).

[3] *Bigford*, 365 F.3d at 864.

2

between the underinsured driver's liability limits and the amount of a default judgment obtained in a Kansas state court allegedly without service on the defendant. The bankruptcy decision cited by Debtor, *Sondern*,[4] does state in dicta that "[r]es judicata, the *Rooker-Feldman* doctrine, and the full faith and credit clause of the United Sates Constitution do not apply when the collateral attack on the state court judgment is aimed at a violation of due process."[5] However, there is no indication that the *Rooker-Feldman* doctrine had been raised as an issue. Further, the *Sondern* court's authority as to the *Rooker-Feldman* doctrine is *Bigford*, but, as stated above, *Bigford* does not address the *Rooker-Feldman* doctrine.

In general, allegations of lack of due process or absence of state court jurisdiction do not create exceptions to the *Rooker-Feldman* doctrine.[6] Even when the party seeking to avoid the state court judgment alleges it is void for lack of proper service of process, several courts have held that the *Rooker-Feldman* doctrine deprives the federal court of jurisdiction to set aside the judgment. The Third Circuit in *Knapper*,[7] held that the *Rooker-Feldman* doctrine applied to prevent the bankruptcy court from exercising subject matter jurisdiction over an adversary proceeding brought by the Chapter 13 debtor to set aside state court foreclosure and sheriff's

---

[4] *Old World Antiques, Ltd. v. Sondern (In re Sondern)*, case no. 8-20404, adv. no. 8-6067 (Bankr. D. Kan. March 20, 2009)(Berger, J.).

[5] *Id.*, slip op. at 5.

[6] *Goetzman v. Agribank, FCB (In re Goetzman)*, 91 F.3d 1173, 1178 (8th Cir. 1996) (no procedural due process exception to doctrine); *Neshewat v. Salem (In re Salem)*, 290 B.R. 479, 483-84 (Bankr. S. D. N.Y. 2003) (challenge to subject matter jurisdiction of state court not an exception to the doctrine); *see Bergman v. Lacouture*, 218 Fed. Appx. 749, 2007 WL 521220 (10th Cir. 2007) (*Rooker-Feldman* applies even though party challenging state court action alleged she did not receive adequate notice and an opportunity to be heard at state court hearing).

[7] *Knapper v. Bankers Trust Co. (In re Knapper)*, 407 F.3d 573, 581 (3rd Cir. 2005).

3

sales as allegedly having been conducted in violation of debtor's due process because service upon her had been defective. Likewise, in *Skit*,[8] the Eight Circuit held that the *Rooker-Feldman* doctrine barred the district court from considering plaintiffs claim against defendant company seeking to have a judgment that defendant had obtained against plaintiff in state court set aside for lack of service and lack of personal jurisdiction. Another example is *Keller*,[9] where the district court affirmed a bankruptcy court's finding that the *Rooker-Feldman* doctrine deprived it of jurisdiction to consider whether a state charging order was void for lack of effective service of process.

For the foregoing reasons, the Court denies the Plaintiff's motion for reconsideration. There is no exception to the *Rooker-Feldman* doctrine applicable to a case brought by a party who lost in state court who has commenced an action in bankruptcy court inviting the bankruptcy court to set aside a state court default judgment based upon allegations of improper service of process. *Rooker-Feldman* is a doctrine based upon the lack of lower federal court jurisdiction to review a state court judgment; that preclusion exists even when the complaining party asserts the state court judgment is void for lack of effective service of process.

**IT IS SO ORDERED.**

###

---

[8] *Skit Inter'l, LTD v. DAC Tech. of Arkansas, Inc.*, 487 F.3d 1154, 1156-58 (8th Cir. 2007).

[9] *Keeler v. Academy of Amer. Franciscan History, Inc. (In re Keeler)*, 273 B.R. 416, 421-422 (D. Md. 2002) (holding inapplicable the limited exception to *Rooker-Feldman* recognized by some courts when a state court judgment is void *ab initio* because the state court misconstrued a bankruptcy discharge order).